## No. 241.

### JEAN CADILLON *v.* JOSEPH MALNOURY.

1. In cases appealable to this Court, upon questions of law only, the law questions involved can be introduced to the notice of this Court only by bill of exceptions, statement of facts or assignment of errors.
2. A party cannot, by endorsing what is truly a brief against a motion to dismiss, "Brief and Assignment of Errors," have this Court consider such a paper as constituting a legal assignment of errors.
3. The forms of practice cannot be blended and confused, for to permit this would be to destroy the harmony and symmetry of our system of practice.

*Appeal from the Civil District Court, Division D. Rightor, J.*

*W. S. Benedict* for plaintiff.

*Simeon Belden* for defendant, appellant.

### ON MOTION TO DISMISS.

McGLOIN, J.—This controversy involves less than five hundred dollars, and our jurisdiction therein is upon questions of law alone. In such cases the questions of law involved can be introduced to our notice only by bill of exceptions, statement of facts or assignment of errors. There is, however, in this record neither bill of exception nor statement of facts; nor can we consider that there is before us an assignment of errors. Thirteen days after the filing of the record herein, appellant, defending himself against a motion to dismiss, files what is nothing more nor less than a brief in answer to that of the appellant and mover. To simply endorse such a document "Brief and *Assignment of Errors*," cannot alter its character and make it what the law requires in an assignment of errors. There are certain forms of practice which cannot be blended and confused at will, without destroying the symmetry and the harmony of our system. This Court could not tolerate in a mere assignment of errors the prolixity and argumentation which are usual and even proper in briefs; and our courts have also invariably refused to permit briefs to stand in place of formal pleadings.

The necessity for preserving distinctions, as we are doing in

this case, is well illustrated by a consideration of the document itself that is in question. It is endorsed, as already stated " Brief and Assignment of Errors," but its heading is, " Brief of appellant." It argues that the amount really in controversy is over five hundred dollars and, hence, the inference is, that no assignment of errors is necessary. It also contends that this Court can review the issues of law and ascertain what they are by a simple inspection of the pleadings, adding : " the only requirement that could possibly be urged would be an assignment of error of judgment, under the rules of this Honorable Court, which, on the grounds of answer in suit, with exceptions, we now urge as an assignment of error of judgment of lower court."

Surely, if such a document, and in such manner presented, is to be accepted as a formal and particular pleading, there would be an opening of doors to disorder and uncertainty, which must be intolerable at once to courts and to litigants.

We are not, therefore, called upon to determine whether the so-called assignment of errors was filed in time or not, for we consider that we have from appellant, in this connection, briefs, and nothing more.

Appeal dismissed at appellant's costs.